UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| BRADLEY P. GARBER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOSCH REXROTH CORPORATION, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Case No. <br> 5:13-cv-268-JMH <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*

This matter is before the Court upon Plaintiff's Motion to Remand. [D.E. 6]. Defendants have filed their Response [D.E. 9], and Plaintiff filed a Reply. [D.E. 10]. This matter being fully briefed, and the Court being otherwise sufficiently advised, it is now ripe for review.

**I. Procedural Background**

Plaintiff filed suit against Defendants on October 26, 2012 in Fayette Circuit Court alleging disability discrimination in violation of Kentucky law, failure to accommodate in violation of Kentucky law, wrongful use of administrative and/or civil proceedings, retaliation in violation of Kentucky law, outrage and intentional infliction of emotional distress, and punitive damages. [D.E. 1-1]. Plaintiff filed an amended complaint in Fayette Circuit Court on August 1, 2013 adding additional claims of retaliation, wrongful discharge, violation of KRS 337.385,

conversion, and breach of contract. The Defendants removed the action to this Court on August 22, 2013, claiming this Court has subject-matter jurisdiction over Plaintiffs claims based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Defendants ask the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over all other claims. Plaintiff filed a timely Motion to Remand. [D.E. 6].

**II. Standard of Review**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant through service or otherwise." *Id.* § 1446(b)(1). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

## III. Analysis

Defendants assert that the case is removable because the Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Defendants contend the Court has jurisdiction under § 1332 because Defendants Dan Reynolds and Geoff O'Nan were fraudulently joined to prevent diversity. To support this claim, Defendants aver that "Counts I and II of the Original Complaint cannot be asserted or maintained against individual defendants." [D.E. 1 at 4]. Thus, because the claims appeared in the original complaint, Defendants were on notice of the possibility of fraudulent joinder from the initial pleading filed on October 26, 2012. Plaintiff contends, and Defendants do not dispute, that on July 3, 2013 the Defendants were served with interrogatories that made it clear Plaintiff was seeking damages in excess of $75,000, a jurisdictional requirement of § 1332. Therefore, on July 3, 2013, at the very latest, the Defendants had "solid and unambiguous information" of complete diversity of citizenship and of the amount-in-controversy such that the thirty-day period to file a notice of removal based on diversity jurisdiction began to run. 28 U.S.C. § 1332; *Lindon v. Kakavand*, No. 5:13-cv-26-DCR, 2013 WL 5441981, at *3 (E.D. Ky. Sept. 27, 2013) (quoting *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011)); 28 U.S.C. § 1446(b)(3) ("If the case is stated by the initial pleading is not removable, a

notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable.").

Under § 1446(b)(3), Defendants had 30 days from July 3, 2013, or until August 2, 2013, in which to file a notice of removal based on diversity jurisdiction. Defendants did not file a notice of removal in this action until August 22, 2013. Therefore, the Court will not address the merits of Defendants claim of fraudulent joinder because it is an untimely argument. *See Whiteley v. Wolverine Harley-Davidson, Inc.*, No. 2:10-cv-12410, 2010 WL 3564262, at *2 (E.D. Mich. Sept. 9, 2010) ("[E]ven if the defendants can establish a case for fraudulent joinder, they are time-barred from removing this action under 28 U.S.C. § 1446(b) because the alleged issues with Wolverine's joinder were equally apparent in the original complaint, filed more than thirty days before the removal.").

However, Defendants also submit that the case is removable based upon 28 U.S.C. § 1331, which only became apparent upon Plaintiff filing an amended complaint on August 1, 2013. Thus, the question becomes whether Defendants may remove based on federal question jurisdiction after they have waived their right to remove based upon diversity jurisdiction. "[T]he plain language of the statute does not permit removal, even on an

4

entirely new basis, if the initially removable case was not timely removed." *Clegg v. Bristol-Myers Squibb Co.*, 285 B.R. 23, 29 (M.D. Fla. 2002) (citations omitted). "The courts, however, have read into the statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit begun that day." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982) (citations omitted) (internal quotation marks omitted); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 242 (5th Cir. 2000) (citations omitted) (internal quotation marks omitted) ("[A]lthough a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed in the same case.").

Defendants may take advantage of the so-called "revival exception" because Plaintiff asserted entirely new causes of action in his amended complaint. Thus, on August 1, 2013, the day the amended complaint was filed by Plaintiff, the 30-day window for filing a notice of removal began anew. Plaintiff's original complaint stated causes of action for disability discrimination, failure to accommodate, wrongful use of administrative proceedings, retaliation, intentional infliction of emotional distress, and punitive damages. In the amended

5

complaint, Plaintiff added claims for wrongful discharge, a violation of Kentucky statute for wrongfully withholding payment, conversion, and breach of contract. As the causes of action appearing in the original complaint and the causes of action appearing in the amended complaint rely on entirely different facts, the new causes of action asserted by Plaintiff "constitute substantially a new suit." *Wilson*, 668 F.2d at 965.

It first became apparent that the case was removable based upon federal question jurisdiction when Plaintiff filed his amended complaint on August 1, 2013. Defendants filed their notice of removal on August 22, 2013. When applying the revival exception, Defendants filed a timely notice of removal and the Court must determine whether Plaintiff's amended complaint creates federal question jurisdiction. *See* 28 U.S.C. § 1446(b).

Plaintiff contends the issue of federal question jurisdiction is moot because of a settlement that occurred after the notice of removal. [D.E. 6 at 4]. However, "[i]t has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537 (1824)). This action was removed on August 22, 2013. [D.E. 1]. The affidavit provided by Plaintiff was not sworn until September 19, 2013. [D.E. 6-4].

Thus, the Court must determine whether federal question jurisdiction existed at the time the case was removed.

The Court does not have federal question jurisdiction based on complete preemption by § 301 of the Labor Management Relations Act. *See* 29 U.S.C. § 185. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted) (internal quotation marks omitted). A federal question

> must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.

*Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (citations omitted).

Defendants contend the Court has federal question jurisdiction because the Plaintiff's state-law claims are preempted by federal law. "[S]ection 301 [of the Labor Management Relations Act] constitutes an exception to the well-pleaded complaint rule because the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor

organization." *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 462 U.S. 1, 23 (1983)) (internal quotation marks omitted). Section 301 preempts a state cause of action and creates federal question jurisdiction, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405-06 (1988). Complete preemption does not exist when the state law remedy is independent of the collective-bargaining agreement (CBA). *Id.* at 407. The state law remedy is "independent" if "resolution of the state-law claim does not require construing the collective-bargaining agreement." *Id.*

The Sixth Circuit has

> developed a two-step approach for determining whether section 301 preemption applies. First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not involve contract interpretation, then there is no preemption. However, if neither or only criterion is satisfied, section 301 preemption is warranted.

*DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).

Defendants assert that counts two through five of Plaintiff's amended complaint create federal question jurisdiction. Count II is a claim for wrongful discharge, Count III alleges a violation of KRS 337.385 for wrongfully

8

withholding wages, Count IV alleges conversion, and Count V alleges breach of contract. Whether federal question jurisdiction arises under any of these claims will be discussed in turn.

Plaintiff's claim for wrongful discharge does not establish federal question jurisdiction. In Paragraph 11 of the amended complaint, Plaintiff claims that he "opposed and reported a practice of his employer that was in violation of the Union contract between Bosch Rexroth and the Union of which Bradley Garber was a member." [D.E. 1-5 at 2]. While Plaintiff's amended complaint references the CBA between the Union and Defendant Bosch Rexroth, an interpretation of the CBA is not required, because, under Kentucky law, a violation of the CBA cannot be the basis for a wrongful discharge claim.[1] "KRS 446.070, the underpinning of a wrongful discharge, extends a right of action only for the violation of a Kentucky statute or a constitutional provision." *Shrout v. TFE Group*, 161 S.W.3d 351, 355 (Ky. Ct. App. 2005). Therefore, an interpretation of the CBA will never be required to determine whether Plaintiff can succeed on his

---

[1] Plaintiff asserts that the wrongful discharge claim is essentially a claim of retaliation. In his Motion for Remand, Plaintiff claims to have "asserted the common law wrongful discharge claim, a discharge against public policy, in the event that reporting the violation was not considered a protected activity under the KCRA." [D.E. 6 at 9]. Thus, based upon Plaintiff's clarifications, the alleged wrongful discharge occurred without respect to the CBA.

claim of wrongful discharge because a violation of the CBA cannot provide the basis for a claim of wrongful discharge. Additionally, the wrongful discharge claim is created by state law, and Plaintiff has chosen not to pursue an action for a right created by the CBA. *Shrout*, 161 S.W.3d at 354 ("[T]he Kentucky Supreme Court recognized a narrow exception to the terminable at will doctrine and acknowledged a cause of action for wrongful discharge. . . ."); *see also Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007) (citations omitted) ("The plaintiff may simply avoid federal jurisdiction by relying exclusively on state law.").

Defendants argue that Plaintiff's claim under KRS 337.385, the claim for conversion, and the breach of contract claim[2] provide for federal question jurisdiction because they require the Court to enforce and interpret an arbitration award that "contained specific interpretations of the language of the CBA." [D.E. 9 at 4]. This is not enough for Defendants to invoke federal question jurisdiction. Assuming Defendants' assertions are true, the enforcement of the arbitration award is all that would be at issue. The Court would not be required to look behind the award for the basis of the arbitrator's decision and

---

[2] The Court notes that, according to Plaintiff, the breach of contract claim arises out of an alleged alteration of the at-will employee relationship and not out of an alleged breach of the CBA. [D.E. 10 at 5].

10

assess whether the CBA was properly interpreted. At most, the CBA would be "tangential" to the analysis, which is not enough to create federal question jurisdiction. *Fox*, 914 F.2d at 800.

In their Notice of Removal, but not in their Response, Defendants claim the Court has jurisdiction because "Plaintiff's claim for conversion pursuant to an arbitration ruling invokes the Federal Arbitration Act." [D.E. 1 at 1]. However, the Federal Arbitration Act "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008)). Thus, an issue involving the Federal Arbitration Act has no bearing on whether this Court has original subject-matter jurisdiction. Accordingly, this Court does not have federal question jurisdiction over this matter and the case must be remanded for lack of subject-matter jurisdiction.[3]

---

[3] According to Plaintiff, the claims that Defendants argue provide federal question jurisdiction are now moot due to a partial settlement after the Notice of Removal was filed. [D.E. 6 at 4]. Plaintiff swore in an affidavit that he is no longer pursuing the claims for violation of KRS 337.385, conversion, or breach of contract. [D.E. 6-4]. Thus, even if this Court had federal question jurisdiction based on one of these claims, the claims would subsequently be dismissed. In that event, the Court would decline to exercise pendent jurisdiction over the remaining state law claims at this early stage of litigation and the claims would be dismissed without prejudice. *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon U. v. Cohill*, 484 U.S. 343, 350 (1988)

**IV. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand [D.E. 6] be, and the same hereby is, **GRANTED** and this matter is hereby **REMANDED** to the Fayette Circuit Court.

This the 30th day of October, 2013.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").